10-4636-ag
Dai v. Holder

BIA
A077 272 724

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

KE CHIANG DAI,
>        *Petitioner,*

>        v.                                          10-4636-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ke Chiang Dai, a native and citizen of China, seeks review of an October 18, 2010, order of the BIA denying his motion to reopen. *In re Ke Chiang Dai*, No. A077 272 724 (B.I.A. Oct. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the agency's denial of Dai's motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and its consideration of evidence of country conditions for substantial evidence, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Because Dai's motion to reopen was untimely, he was required to establish that conditions in China had changed since his 2005 merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(C); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (providing that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

-2-

We note that there are several flaws in the agency's decision. For example, it concluded that Dai "failed to establish that conditions in China and, *more specifically, his home province of Fujian*, have changed fundamentally since his merits hearing" (emphasis added), when Dai's home province is Zhejiang. It stated that there was no evidence in the record that any increase in China's harassment and abuse against Christians around the Beijing Olympics had continued after the Olympics when the Congressional-Executive Commission on China's 2009 report explicitly stated that the "pre-Olympics campaign against Protestant activists and unregistered congregations in 2008 showed few signs of abatement in 2009." Its decision to discount a letter from Dai's friend Hong who lived in Ouhai District, Wenzhou City because Dai lived in Lucheng District, Wenzhou City and the two "never resided in the same city or district" and thus did not explain how they knew each other was arbitrary, given that Lucheng District and Ouhai District are neighboring districts within the same city.[1] And its suggestion that Dai "does [not] have to attend

_____

[1]This fact is readily verifiable by searching for a map of "Wenzhou City, China" on http://maps.google.com/. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citing the Federal Rules of Evidence for the proposition that judicially noticed facts must be not "subject to reasonable dispute" in that they are either "generally known" or "capable of accurate and ready determination

-3-

a 'mega-church' or the like" to practice Catholicism may be an inappropriate instruction about how Christians in China should tailor their religious practices to avoid persecution. *See Muhur v. Ashcroft*, 355 F.3d 958, 960-61 (7th Cir. 2004) (concluding that the agency erred in assuming "that one is not entitled to claim asylum on the basis of religious persecution if . . . one can escape the notice of the persecutors by concealing one's religion").

Nevertheless, despite these flaws, we do not remand because the agency's overall assessment of Dai's evidence of changed country conditions is clear and supported by the record. *Cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (holding that an error does not require remand if remand would be futile because "we can state with confidence that the same decision would be made if we were to remand"). Regardless of the BIA's reasons for giving little weight to Hong's letter, we agree with the BIA that Hong's arrest for attending a house church did not establish changed country conditions because house churches were illegal at the time of Dai's 2005 merits hearing and Hong's arrest was a single incident and thus did not itself demonstrate a change in China's policies.

---

by resort to sources whose accuracy cannot reasonably be questioned.").

Moreover, although Dai presented background evidence suggesting that religious activity was vigorously suppressed in China before and after the 2008 Beijing Olympic Games, the record is ambiguous concerning whether the repression surrounding the Games represented changed conditions in China or a continuation of the ongoing repression of Christians, and whether it had continued in the years after the Games. Given this ambiguity and because the agency considered and evaluated Dai's evidence, we find no error in its conclusion that he did not establish changed country conditions. *See Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."); *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (internal citations and quotations omitted)).

Because the BIA reasonably concluded that Dai did not establish a change in country conditions, it did not abuse its discretion by denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). Accordingly, we decline to reach Dai's *prima facie* eligibility for relief and do not address

-5-

his argument that the BIA erred in suggesting that he was required to show that the Chinese authorities were aware of his conversion to Catholicism.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk